Mr. Hockey We believe this matter is effectively controlled by two prior precedents of this court. First, the decision of this court issued in Conway, which imposed to, well, confirmed the statutory imposition of a burden upon the Veterans Court to consider the rule of prejudicial error in all cases. Recently, this court issued a case in Newhouse, which affirmed that earlier holding in Conway and extended it which simply addresses the responses issued by Mr. Mlechick in this case as to why it would have been inappropriate for the court to conduct prejudicial error analysis in this case. Starting with Conway, the court in Conway identified the fact that first, this court had jurisdiction to consider the question of whether or not the Veterans Court was required to conduct prejudicial error analysis. That is the issue in our case where we submitted a brief suggesting that by not doing so in this case following a finding that the Veterans Court committed a Chenery violation, the Veterans Court, or excuse me, by Veterans Court concluded that the board committed a Chenery violation, or committed a violation of this court's instruction in Mayfield that 5103 subsection 8 notice must be the initial notice in the case. In other words, it must be the notice that precedes the initial adjudication. And in cases in which the board relies upon a combination of what's called pre-adjudication or post-adjudication notice,  this court's decision in Mayfield suggested that the case had to be remanded. Now, the facts in Mayfield are rather unique in that the board decision issued in Mayfield failed to discuss at all a pre-adjudication notice that was contained in the record. Let me ask you this. Must the Veterans Court determine as a court whether notice error occurred regardless of the status of the record? Or may they send it back to have a determination in there? In this case, there was a finding that there was an error in the board's decision that based upon the Veterans Court's analysis, the board erroneously relied on a combination of pre- and post-adjudication. That's the error. We would submit that given that error, Veterans Court was opposed to at that point determining whether remand was necessary. It had an obligation to determine the error. Obligation, statutory obligation. We understand, of course, the option, if you will, in another setting to send it back for determination of whether there was an error in the first instance. But in this case, given the prejudicial error statutory requirement, which was designed to effectively prevent the type of unnecessary remand that was issued in this case, the Veterans Court was required to determine that. Even though the board relied on a combination of pre- and post-decision documents, was that error harmful? Did that error prejudice the claimant? I will add that if you noted our statement of cases, it's divided into two sections. We have about a dozen, and I think now we have the numbers around 18 cases that sort of address this first issue as to whether or not it was error by the Veterans Court to not consider the rule of prejudicial error. The longer list relates to, as the Court is probably aware, our arguments about the error. Counsel, did they not consider it, or did they say that we don't have sufficient fact findings in the record to make a determination on prejudicial error, and therefore we're remanding? There's a difference. There is a difference, Your Honor, and I would refer you to the language of the Veterans Court's decision, which we believe is very clear. The Court cannot, that's their words, cannot and will not speculate regarding what the board on remand will conclude. We believe what the Court was addressing here was the issue Judge Yackel raised with respect to should they have to remand in the absence of a prejudicial error statute for determination about whether there was an error in the first instance. Setting aside prejudicial error for a moment, I would like to respond to that as we do in our briefs. Chenery would typically, or maybe normally, preclude, like this Court has suggested in Mayfield, a factual finding in the first instance by the Court. And in Newhouse, we told you that's okay. Have a little familiarity with that one. That's our point. In Newhouse, that's okay because in the prejudicial error statute, you're required to do that as part of your prejudicial error analysis. But what if they say they can't make the requisite fact findings because the record is insufficient with regard to the predicate matters they would need to know to be able to make those fact findings? They would have to. I mean, we didn't suggest in Newhouse they could develop a whole new record, right? We suggested that they could look at the record and from the record make conclusions with regard to prejudicial error, even though prejudicial error is ultimately a fact finding. And we would submit that based upon this opinion, there's only one conclusion that can be drawn, and that is that the Court did not, as it did subsequently, I will add this one to my brief. But that's applying law to fact. What you're talking about right now is law to fact. You're telling me, but in this case, they could have figured out prejudicial error. I don't get to decide that part. We're not asking this Court to determine whether or not the individual in this case was prejudiced. We want to make that very clear. What we're suggesting is that in a dozen or so cases that immediately follow this Court's decision in Mayfield, rather than conduct a prejudicial error analysis, which I would add the Court has subsequently started to do in cases like Overton and Mayfield 2, they simply remanded applying this Court's holding in Mayfield to situations in which there was finding by the Veterans Court that the Board relied upon a combination of pre- and post-decisional notice. Hence, we took this appeal to suggest to the Veterans Court at the time that that was error. They had to conduct a prejudicial error analysis. Now, it seems that they have come to that same conclusion in more recent days themselves, and this Court's decision in Newhouse affirms that move in that general direction. But we would say that there's no question in our minds that any kind of review of this case leads to the conclusion that the Veterans Court in this case did not conduct a prejudicial error analysis and determined that they weren't supposed to. Instead, they followed the suggestion that a remand for prior facts was required, which may be relevant under a sort of Chenery analysis with respect to the question of whether or not there actually was an error in the notice. But not under a prejudicial error analysis. And in this case... But you do agree with my earlier statement, though, that if the Board said, look, we understand we can and should determine prejudicial error, but the record itself is insufficient to allow us to do so, you're not suggesting that the statute prohibits them from remanding the case back. I'm sorry, I think I said Board, and I meant to say Court. You're not suggesting that they can't remand it back for further development of the record, are you? We are suggesting that they are required to perform a prejudicial error analysis. Hypothetically, in a case in which they identify a basis upon which they cannot conduct the analysis, we'd have to look at the case and see what the argument is that they've raised that would indicate that they cannot find prejudicial error. We would suggest, overall, that they are required to find prejudicial error. Okay, but you still haven't answered my question. You artfully escaped it, but come back to it. I will come back to it this way. Given that the statute requires them to find prejudice, then if they can't find prejudice, we would suggest that there's no prejudicial error. Well, is it your statement, then, that a case should never be remanded to the Board for further development of the record, but that the Veterans Court has to always look at the record before it and do a prejudicial error analysis? Yes, we think that's true as part of the prejudicial error analysis. And therefore, if the party below has not fully developed the record and there's not prejudice, then they have their shot at the record, so it's over. We think so, especially in light of the process that goes into the creation of the record, which provides numerable opportunities to exchange communications between the parties in the development of the record. I'm sorry. Go ahead. Doesn't the statute, though, say take due account of the rule of prejudicial error? It doesn't say decide whether there's prejudicial error, and that's the way you're asking me to interpret that language. When the question arises. I mean, the question's always going to come up in the context of someone claiming that there's an error. And there was an error. Right? According to the Veterans Court, there was an error. We believe that. And you haven't appealed that issue. Pardon me? You have not appealed that issue. Well, we do raise, no, we raise in our brief, we think that even under Fleshman, if we look under, the court below essentially follows this court's Mayfield decision, which was dependent upon Chenardy, in saying that we can't affirm the board's decision that the notice was proper because that would be, you know, impinging upon the board's right to make the facts in the first instance. We believe that this decision is very different than the one that the Veterans Court and this court were confronted with in Mayfield, in which the board's decision failed to mention at all the pre-adjudication notice that was issued in that case, in which this court then later determined that, well, we can't, going back to the procedural history of the first Mayfield case, the Mayfield board said notice was sufficient, there's no error. Veterans Court says, no, the notice was insufficient despite the fact that there was this, but there was a pre-adjudication notice in the record that the board doesn't talk about, we're going to affirm. Okay, I've taken you off track. Go back, though, to the language of the statute. Take due account of the rule of prejudicial error. It doesn't mean they have to decide it in every case, which is what you're effectively asking us to do, because you're saying a no decision is a decision of no prejudicial error. We're suggesting that where the appellant's challenging the decision below identifies error and claims that, you know, there should be a remand, that the prejudicial error requirement of the court would require the court to find prejudice in that error, otherwise not to remand. So your interpretation of the statute that you would like us to adopt is that the board must, the court must in all cases make a decision on prejudicial error and they are not entitled to remand for further development of any factual record in order to enable them to do that. We cannot, I haven't confronted a hypothetical that would lend me to conclude that there's a reason to remand. And so standing here today, I cannot think of a reason for the court, which is required to find prejudice in an error, to remand to find prejudice in an error. If there's no record prejudice present in the case, then how can the court remand based upon a prejudicial error when it cannot find prejudicial error in the record? That's our position. And therefore, your position to logical extension is the court has taken due account of the prejudicial error by not finding any in the record. That's right. In this case, the court did not even conduct that analysis. The question really presented to this court is whether or not the court should have conducted the analysis. We say under the statute and under Conway, it should have. And this court's decision in Newhouse addresses many of the reasons raised by Mr. Mlicek as to why it's inappropriate. And we submit that no, none of those reasons stand the test. And instead, the court should have, as it has now done, conduct prejudicial error analysis in this case to determine whether the board's reliance upon, as this case clearly shows, the board did have a pre-adjudication notice and essentially relied upon that in its entirety for its conclusion that there was sufficient notice. Thank you, Mr. Hawking. Ms. Wischow? Please, the court. I'm Sandra Wischow, counsel for the veteran, the abbey, Mr. Mlicek. I'd like to address a couple of the points that have been raised here. First of all, one of the points I think we need to look at is the difference between this case and the Newhouse case. Because in Newhouse, the court did find there was error. They said the board was wrong in making this determination that the pre-adjudication notice was sufficient. And in this case, the court completely relied upon Mayfield. And they said, we don't know, because the board here did not follow the rules. They did not use the appropriate legal standard. And instead, what the board did was say, well, when we put all of this together, there's enough here, and we're going to call it good. Now, in the Mayfield decision, this court specifically said that doesn't work. Government's relying on Conway very heavily. How does that play in? Well, in Conway, they said they must take due account of prejudicial error. First of all, the court here didn't say this was an error. They said, we've got to set it back under Mayfield to make a determination of whether or not there was an error. If the board in this case were to say, yes, we're going to look at just the letter that was pre-adjudication, and say that was sufficient, then you don't get to the prejudicial error question. What does due account mean? Well, that's a good question. We've been hearing it discussed here. Does it mean they're supposed to look and make a preliminary decision of prejudicial error before they decide if there's an error? I mean, in this case, we're almost talking about an advisory opinion, saying, well, if it's an error, here's what we're going to find. One of the problems with that is finding an error is predicate to a decision. Let me ask you about that, counsel. Is applying the rule of prejudicial error to an alleged rather than an established error really the rendition of an advisory opinion? You alluded to that, and I'd like you to develop that a little bit. Well, I think it is, particularly in this type of error, because if you look at the analysis that both the Veterans Court and this court have said is appropriate in a notice violation, the very first question is, is there a notice violation? If there is a notice violation, it is presumptively prejudicial to the veteran. So that's got to be the starting position. And until you decide whether or not there's an error at all, you don't even get to that first step. Now, under the Sanders-Simmons cases and the way that has been interpreted in Mayfield 1 as well with first element notice violations, which is what we have here, that's the first question. I guess I'm confused. You keep saying there's no clear determination of error at all, but I've got the court's opinion here, and it says the board impermissibly relied, at least in part, on documents that were not issued prior to the initial adjudication. How is that not an acknowledgment of an error? Okay. I guess we're talking about two different errors here. The one error would be an error in providing inadequate notice. The second would be an error in using an incorrect legal standard. And in a number of these cases, for example in Newhouse, the veterans court found that it was error to say that the notice was adequate. The veterans court made a finding that that was error. Here the veterans court simply said, was it proper, was it not proper? Mayfield says this is a finding of fact that has to be made by the board, so we're going to set it back. Now if you're going to talk about, again we get back then, if you're going to talk about the error in not using the appropriate legal standard, that brings us back to the whole question of whether they have to have a full written opinion of prejudicial error in every single case, because any error falls into this. Any time the veterans court says there are not adequate reasons or bases. If I take your argument, doesn't that mean that the veterans court will always remand because the agency has to address the matter in the first instance? So there will always be a remand? No, because in many cases the agency will have addressed it and will have looked specifically at the pre-adjudication notice. So there only needs to be a remand in the cases in which the agency used the incorrect legal standard. So that's a difference here between a situation in which the agency says, okay, there was this letter given that gave them appropriate notice, therefore we find that this was adequate. In that case the veterans court could look at that and they could disagree and say, no, you're wrong, now we'll look at prejudicial error. At that point they would say, okay, there is a presumption of prejudice, now we'll look and see whether or not the record demonstrates that that, or I'm sorry, yeah, presumption of prejudice, whether or not that was overcome by the government. Now another point that has been raised is the idea that the board made the necessary findings by saying that the letter itself was sufficient. And in the board's opinion, which is on page 10 in the joint appendix, the board first says that the letter does tell the veteran what's needed to substantiate his claim. So there's a general statement. The second thing then is that the board goes on to say specifically, and then it lists specifically what is included in the letter. And in that case it makes absolutely no statements whatsoever about what is needed to substantiate the claim. And the board also says there's no requirement that it all be put into one letter, and when you consider all three of these documents together there's enough. So the board did not make a clear finding that the March 2001 letter alone was enough. The board's decision in this case is rather contradictory inherently. Now normally when the board makes a decision and its reasoning is not clear, the veterans court will remand and say, look, you've got to give us adequate reasons or bases so we can understand what you're doing. And here what you said is in conflict internally, doesn't make sense, you know, give us a decision that we can work with. Tell us what you're doing here so we can know if there's an error or not. And that's fairly standard practice in the veterans court remanding cases of the board. So in this case, again, that's what they did. They said we can't tell from this. We don't know what the board would do if the board relied strictly on the pre-adjudication notice. Under Mayfield we need to remand this. I would also note that in the Mayfield decision this court did not say to the veterans court, okay, go back, think about this, decide whether this could be prejudicial, and then if you think it was, remand it. They simply said this is a decision that needs to be made by the board as to whether or not that notice was adequate. Send it back. And the veterans court in Mr. Malichuk's case was explicitly relying exactly on what this court said in Mayfield, what this court said to do. And also I would note that the Mayfield decision is not strictly limited to a Chenery situation. This court's opinion in Garrison in late July made it clear that it was a question of it being a fact finding, not simply a Chenery situation. So in Mr. Malichuk's case the veterans court did exactly what this court told it to do, it remanded. And for that reason we believe that that was a correct decision. Now we also have raised the question of jurisdiction, which really hasn't been talked about here, but I would like to point out that there is a question here of jurisdiction because this was a remand decision. And under the Williams case, a remand decision is not automatically available for jurisdiction for review by this court. We need to look at a number of different factors. And we've gone through this in our brief. I would like to point out a couple of the factors here. Specifically, the court didn't really make a legal ruling here, the veterans court. The veterans court simply said, look, it's not developed enough. We're going to follow Mayfield. We're going to send it back. They didn't make any ruling saying there's no reason for us to consider prejudicial error. So for that reason, we would say that there is no legal ruling being made that makes this case ready for jurisdiction by this court. Secondly, I'd like to talk about the harm asserted to the secretary in this case. If this case is remanded, the secretary doesn't automatically have to give notice. This case is being remanded for the board to determine whether adequate notice was already given. If the board determines that adequate notice was given, then there would be any need to give any more notice. If the board says, yeah, notice wasn't quite adequate, but here's all this other stuff, and therefore we think it's fine, no prejudice, notice wouldn't have to be given. Now, granted, in both of those cases, we would probably appeal. But at that point, the secretary would be able to argue its point against it. This would not evade. The only situation in which this would not be further considered by the court would be if the VA says, you know, we didn't give proper notice, and you know what? That veteran was harmed by it. He didn't get a chance to participate adequately. And we would say that that's not a terribly harmful thing for the secretary to then have to give notice when the VA itself says, yep, we didn't give you proper notice, and the veteran was harmed by it. So we would assert that in this case, there is no harm, and there's no issue that's necessarily going to evade remand or evade judicial decision. Are there any further questions? Thank you, Ms. Rochelle. OK, then I'll survive the rest of my time. Thank you. Mr. Hockey, you have two and a half minutes left. Thank you, Your Honor. I'll be brief. Three quick points and one slightly longer point. First of all, I want to remind the court that the discussion of presumptively prejudicial and whatnot, that's not what we're talking about here today. That's what happens if they do the prejudicial hearing process. Two, there was a suggestion that perhaps all the veterans' court was doing was noting that they were dissatisfied with the language contained in the court decision. However, I point out that there wasn't a finding by the court that there was a violation of 7104, Title 38, which is the Reasons and Basis section, which would be the authority to remand for further explanation of the decision. Three, on jurisdiction, I think we started out by indicating that this does raise the same legal issue as Conway, and of course the harm is that the issue doesn't get addressed. The remand itself takes away the argument that there shouldn't be a remand, and after that, as the Secretary is deprived of the argument that there shouldn't have been a remand in the first place, and that's sufficient harm. And that was also one of the arguments that were raised in Conway. I want to talk a little bit, though, about Judge Moore's point, because I think it came up a little bit in the most recent discussions. That is what the veterans' court did in this case. I think, as Judge Moore pointed out, the key sentence is on page 2 of the decision, which is also page 2 of the Joint Appendix. The court stated that the court cannot and will not speculate regarding what the board on remand would conclude concerning the adequacy of the notice in the absence of these documents. We think that language shows what the court was doing, as Mr. Miletich's counsel indicated, was following this court's decision in Mayfield. That may be a proper interpretation of Mayfield as it addresses the merits issue of whether or not this notice statute was complied with, but it does not reflect a proper interpretation of a prejudicial error, which this court in Mayfield specifically said it did not address or reach or decide in any way, shape, or form. Subsequent to that decision in Mayfield, this court in Newhouse has clarified the role of the veterans' court in conducting a prejudicial error analysis, and we believe that applying the law in Newhouse to this case requires a remand for the court below to conduct the type of prejudicial error analysis that should have been conducted. So you want them to look at the documents, the pre-decisional ones, and see if notice is sufficient there, and the pre-decisional ones such that there would be no prejudice. We think that would be a mechanism available to the court below to determine or conclude a lack of prejudice. We don't know what the court would do, but we think that it was within their statutory obligation to consider it. The court seemed to conflate, as we indicated in our briefs, its responsibilities with respect to analyzing whether the notice statute was— Okay, but I'm having trouble separating the responsibilities here, so I can understand why they might have if that's what they did. But in particular, I'm just having trouble with this very idea of what it is you want them to do that they didn't. You want them to look at the particular pre-decisional letters and figure out whether adequate notice was given. What if they say there's an ambiguity here, it requires fact findings about what this statement means, is it conveying notice? And you're saying you want them to decide that in the first instance as part and parcel of the prejudicial error determination? Under this court's decision in Newhouse, they're required to review the entire administrative record to determine whether prejudice exists. They didn't do that in this case. They identified the fact that there was an error, and that error they identified as the board's reliance upon a combination of pre- and post-letters. They make no attempt to determine whether or not solely looking at the pre-decisional letter at issue that notice was sufficient, and therefore obviously the person couldn't be harmed, or maybe not even that it was sufficient under the statute, but that given the record as a whole, obviously the person couldn't be harmed. We're not suggesting in any way that this court's Newhouse decision requires the court, in this case, upon remand from this court, to conclude that the pre-decisional letter by itself satisfies the notice requirement. That would be an option, which would also eliminate any error to begin with. All we're saying is that they have to look at the whole record and make a determination as to whether there was prejudice, and that could involve looking at the post-decisional documents as well, because it's not being done at that point under a merits analysis of 5103A. It's being done as part of their requirement under 7261E2. Thank you, Mr. Hawkey. The next case is Maurice Mitchell Innovations v. Intel.